# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

     *Plaintiff*,

v.

ROBLOX CORPORATION,

     *Defendant*.

Case No.: 3:26-cv-00057-JEP-PDB

## DEFENDANT ROBLOX CORPORATION'S MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION........................................................................... 1

II.    RELEVANT BACKGROUND ...................................................... 2

    A.    Roblox and Content Moderation....................................... 2

    B.    Plaintiff's COAs. ............................................................... 3

III.    LEGAL STANDARDS ................................................................ 4

IV.    ARGUMENT ................................................................................ 4

    A.    The Court Lacks Personal Jurisdiction over Roblox. .......... 4

        1.    Plaintiff Fails to Adequately Allege General Jurisdiction.......... 5

        2.    Plaintiff Fails to Adequately Allege Specific Jurisdiction. ......... 5

        3.    Exercising Personal Jurisdiction Would Offend Due Process. .................................................................. 8

    B.    Section 230 Bars All Claims. ............................................ 11

        1.    Roblox Provides an Interactive Computer Service.................. 12

        2.    Plaintiff's COAs Are Based on Third-Party Content.............. 12

        3.    Plaintiff's COAs Seek to Treat Roblox as a Publisher. ............ 14

    C.    The First Amendment Bars Plaintiff's COAs. .................................. 18

    D.    The Complaint is an Impermissible Shotgun Pleading...................... 19

    E.    Plaintiff's COAs Stem From Personal Injuries (COAs 1-4). .............. 20

    F.    Plaintiff's FDUTPA COAs Are Time-Barred (COAs 1-4). ............... 22

    G.    Plaintiff Fails to State Any § 501.204 FDUTPA Claims (COAs 1-3). ........................................................................... 23

        1.    Plaintiff Fails to Plead Unfair Conduct (COA 1). .................... 23

        2.    Plaintiff Fails to Plead Unconscionable Conduct (COA 2)...... 25

        3.    Plaintiff Fails to Plead Deceptive Conduct (COAs 1-3)........... 26

    H.    Plaintiff Fails to Plead Any COPPA Violation (COA 4). .................. 29

    I.    COPPA Expressly Preempts COA 5............................................... 32

    J.    Plaintiff's § 501.1735 COA Suffers From Other Defects (COA 5). .... 34

V.    CONCLUSION ................................................................. 35

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Salesforce*,
   123 F.4th 788 (5th Cir. 2024) .......................................................................... 14

*Alfaro v. Bank of Am., N.A.*,
   No. 21-10948, 2024 WL 1110945 (11th Cir. Mar. 14, 2024) ........................... 26

*Almeida v. Amazon*,
   456 F.3d 1316 (11th Cir. 2006)........................................................................ 11

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010).....................................................................4, 25

*Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*,
   77 F.3d 364 (11th Cir. 1996) ........................................................................... 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................... 24, 25, 31

*Auf v. Howard Univ.*,
   No. 19-22065-CIV, 2020 WL 1452350 (S.D. Fla. Mar. 25, 2020)....................... 6

*Azoulai v. BMW of N. Am. LLC*,
   No. 16-cv-00589-BLF, 2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ............... 28

*Baker v. Brunswick Corp.*,
   No. 17-CV-572-FTM-99-MRM, 2018 WL 1947433 (M.D. Fla. Apr.
   25, 2018) ......................................................................................................... 28

*N.M. ex rel. Balderas v. Google, L.L.C.*,
   489 F.Supp.3d 1254 (D.N.M. 2020) ................................................................ 31

*N.M. ex rel. Balderas v. Tiny Lab Prods.*,
   457 F.Supp.3d 1103 (D.N.M. 2020) ................................................................ 30

*Banco de los Trabajadores v. Moreno*,
   237 So.3d 1127, 1137 (Fla. 3d DCA 2018)........................................................ 7

*Barmapov v. Amuial*,
   986 F.3d 1321 (11th Cir. 2021)........................................................................ 20

*Barnes v. Yahoo!, Inc.*,
   570 F.3d 1096 (9th Cir. 2009)......................................................................... 14

*Basulto v. Hialeah Auto.*,
141 So.3d 1145 (Fla. 2014)................................................................. 25

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................. 31, 34, 35

*Brexendorf v. Bank of Am., N.A.*,
319 F.Supp.3d 1257 (M.D. Fla. 2018) ........................................... 23

*In re Brinker Data Incident Litig.*,
No. 18-CV-686-J-32MCR, 2020 WL 691848 (M.D. Fla. Jan. 27,
2020)..................................................................................................... 27

*Calder v. Jones*,
465 U.S. 783 (1984) .............................................................................. 8

*Canale v. Rubin*,
20 So.3d 463 (Fla. 2d DCA 2009) ....................................................... 6

*Carlson Pet Prods., Inc. v. Ningbosh.*,
No. 25-cv-21998-WPD, 2025 WL 3541725 (S.D. Fla. Nov. 5, 2025) ............... 28

*Carriuolo v. Gen. Motors Co.*,
823 F.3d 977 (11th Cir. 2016)........................................................... 27

*Chapman v. Abbott Labys*,
930 F.Supp.2d 1321 (M.D. Fla. 2013) ............................................. 27

*Citicorp Ins. Brokers (Marine), Ltd. v. Charman*,
635 So.2d 79 (Fla. 1st DCA 1994)...................................................... 7

*Coast Pump & Supply Co. v. Franklin Elec. Co.*,
No. 25-CV-99-SPC-NPM, 2025 WL 1394260 (M.D. Fla. May 13,
2025)..................................................................................................... 24

*Cole v. Westgate Resorts, Ltd.*,
No. 24-CV-01852-PGB-LHP, 2025 WL 2443625 (M.D. Fla. Aug.
24, 2025) ............................................................................................. 23

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .............................................................................. 5

*Davila v. Delta Air Lines, Inc.*,
326 F.3d 1183 (11th Cir. 2003).......................................................... 25

*Del Valle v. Trivago GmbH*,
56 F.4th 1265 (11th Cir. 2022) .......................................................... 11

ii

*Doe (K.B.) v. Backpage.com, LLC*,
768 F.Supp.3d 1057 (N.D. Cal. 2025)...........................................................16, 17

*Doe v. Am. Online, Inc.*,
783 So.2d 1010 (Fla. 2001)....................................................................... 11

*Doe v. Fenix Int'l, Ltd.*,
No. 22-CV-62176, 2025 WL 336741 (S.D. Fla. Jan. 30, 2025)......................... 15

*Doe v. Grindr*,
128 F.4th 1148 (9th Cir. 2025) ........................................................ 16, 17, 18

*Doe v. Grindr, LLC*,
No. 23-CV-193-JA-PRL, 2023 WL 7053471 (M.D. Fla. Oct. 26,
2023)...................................................................................................... 13

*Doe v. Kik Interactive, Inc.*,
482 F.Supp.3d 1242 (S.D. Fla. 2020)............................................................ 17

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) ................................................................15, 17

*Doe v. Snap, Inc.*,
No. H-22-00590, 2022 WL 2528615 (S.D. Tex. July 7, 2022) .......................... 16

*Douse v. Bos. Sci. Corp.*,
314 F.Supp.3d 1251 (M.D. Fla. 2018) .......................................................... 22

*Est. of Bride v. Yolo Techs., Inc.*,
112 F.4th 1168 (9th Cir. 2024) ..............................................................15, 17

*Fla. Dep't of Revenue v. New Sea Escape Cruises, Ltd.*,
894 So.2d 954 (Fla. 2005) ......................................................................... 8

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
218 F.3d 1247, 1249 (11th Cir. 2000)........................................................... 6

*Garfield v. NDC Health Corp.*,
466 F.3d 1255 (11th Cir. 2006).................................................................... 26

*Garrett-Alfred v. Facebook, Inc.*,
540 F.Supp.3d 1129 (M.D. Fla. 2021) .......................................................... 22

*Gazelles FL, Inc. v. Cupp*,
No. 18-CV-544-ORL-22KRS, 2018 WL 7364591 (M.D. Fla. Sept.
26, 2018) ................................................................................................ 9

iii

*Giordano v. Romeo,*
  76 So.3d 1100 (Fla. 3d DCA 2011)................................................................... 11

*Golden v. Mobil Oil Corp.,*
  882 F.2d 490 (11th Cir. 1989).......................................................................... 25

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 915 (2011) ........................................................................................... 5

*Greer v. Hoying,*
  No. 24-14258-CIV, 2025 WL 3682644 (S.D. Fla. July 16, 2025)....................6, 9

*Horizon Aggressive Growth, Ltd. P'ship v. Rothstein-Kass, P.A.,*
  421 F.3d 1162 (11th Cir. 2005)........................................................................... 6

*Instabook Corp. v. Instantpublisher.com,*
  469 F.Supp.2d 1120 (M.D. Fla. 2006) ............................................................... 9

*Intel Corp. Inv. Pol'y Comm. v. Sulyma,*
  589 U.S. 178 (2020) ......................................................................................... 30

*Karnas v. Cuban,*
  No. 22-CV-22538, 2025 WL 3759241 (S.D. Fla. Dec. 30, 2025) .................. 10, 11

*L.H. v. Marriott Int'l, Inc.,*
  604 F.Supp.3d 1346 (S.D. Fla. 2022)............................................................... 12

*La Grasta v. First Union Sec., Inc.,*
  358 F.3d 840 (11th Cir. 2004)............................................................................ 4

*Louis Vuitton Malletier, S.A. v. Mosseri,*
  736 F.3d 1339 (11th Cir. 2013)........................................................................... 8

*M.H. v. Omegle.com, LLC,*
  No. 21-cv-814-VMC-TGW, 2022 WL 93575 (M.D. Fla. Jan. 10,
  2022)............................................................................................................. 13, 16

*Madara v. Hall,*
  916 F.2d 1510 (11th Cir. 1990)......................................................................... 10

*McCall v. Zotos,*
  No. 22-11725, 2023 WL 3946827 (11th Cir. June 12, 2023)............................ 12

*MDVIP, Inc. v. Beber,*
  222 So.3d 555 (Fla. 4th DCA 2017).................................................................. 28

*Miami Herald Publ'g Co. v. Tornillo,*
  418 U.S. 241 (1974) .......................................................................................... 18

iv

*Moody v. NetChoice, LLC*,
603 U.S. 707 (2024) ........................................................................ 18

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001)......................................................... 28

*Nat'l Air Cargo Grp., Inc. v. UPS Worldwide Forwarding, Inc.*,
No. 22-23429-CIV, 2023 WL 3778243 (S.D. Fla. Mar. 2, 2023) ........................ 7

*NetChoice v. Brown*,
No. CV RDB-25-0322, 2025 WL 3267786 (D. Md. Nov. 24, 2025) .................. 33

*O'Handley v. Padilla*,
579 F.Supp.3d 1163 (N.D Cal. 2022)............................................... 18

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
558 F.3d 1210 (11th Cir. 2009)....................................................... 8

*Olivet Univ. v. Dev Pragad*,
No. 25-cv-762-JSM-AEP, 2025 U.S. Dist. LEXIS 131134 (M.D. Fla.
July 10, 2025)................................................................................ 11

*PNR, Inc. v. Beacon Prop. Mgmt., Inc.*,
842 So.2d 773 (Fla. 2003) .........................................................23, 24

*Pop v. LuliFama.com LLC*,
145 F.4th 1285 (11th Cir. 2025)..................................................... 26

*PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*,
598 F.3d 802 (11th Cir. 2010)......................................................... 5

*Roberts v. Victoria's Secret Stores, LLC*,
No. 18-CV-61534, 2018 WL 8059094 (S.D. Fla. Dec. 3, 2018), *report
and recommendation adopted*, No. 18-61534-CIV, 2018 WL 8058969
(S.D. Fla. Dec. 20, 2018) .........................................................20, 21

*Roca Labs, Inc. v. Consumer Op. Corp.*,
140 F.Supp.3d 1311 (M.D. Fla. 2015) .............................................. 12

*Rodriguez v. OfferUp, Inc.*,
No. 9-CV-1290-T-30SPF2019 WL 13247290 (M.D. Fla. Aug. 29,
2019)......................................................................................... 12, 14, 17

*Rogers v. FRG LLC*,
No. 23-CV-1360-BJD-JBT, 2024 WL 3469657 (M.D. Fla. June 20,
2024)......................................................................................... 20

*Rollins, Inc. v. Butland*,
　951 So.2d 860 (Fla. 2d DCA 2006)....................................................................... 27

*Shelor v. Jaguar Land Rover N. Am. LLC*,
　No. 23-CV-908-WGY-PDB, 2025 WL 1580834 (M.D. Fla. Jan. 31,
　2025)...................................................................................................................... 26

*Smith v. People of the State of Cal.*,
　361 U.S. 147 (1959) ............................................................................................. 19

*Snow v. DirectTV, Inc.*,
　450 F.3d 1314 (11th Cir. 2006)............................................................................. 7

*In re Soc. Media Adolescent Addict./Personal Injury Products Liability Litig.*,
　702 F.Supp.3d 809 (N.D. Cal. 2023) .................................................................. 18

*Southland Sod Farms v. Stover Seed Co.*,
　108 F.3d 1134 (9th Cir. 1997)............................................................................. 27

*State v. Beach Blvd Auto. Fin., Inc.*,
　139 So.3d 380 (Fla. 1st DCA 2014) .................................................................... 23

*TocMail Inc. v. Microsoft Corp.*,
　No. 20-60416-CIV, 2020 WL 9210739 (S.D. Fla. Nov. 6, 2020) ....................... 28

*Trs. of Columbia Univ. In City of N.Y. v. Ocean World, S.A.*,
　12 So.3d 788 (Fla. 4th DCA 2009) ....................................................................... 9

*United States v. Alabama*,
　691 F.3d 1269 (11th Cir. 2012)........................................................................... 32

*United States v. Martinelli*,
　454 F.3d 1300 (11th Cir. 2006)........................................................................... 27

*United States v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
　858 F.2d 534 (9th Cir. 1988) .............................................................................. 19

*United Techs. Corp. v. Mazer*,
　556 F.3d 1260 (11th Cir. 2009).........................................................................4, 8

*Vibe Micro, Inc. v. Shabanets*,
　878 F.3d 1291 (11th Cir. 2018)........................................................................... 19

*Vital Pharms., Inc. v. Bang Diamonds LLC*,
　No. 22-CV-60155, 2022 WL 3867894 (S.D. Fla. Aug. 30, 2022)........................ 9

*Volinsky v. Lenovo (United States) Inc.*,
  No. 23-CV-00250-KKM-NHA, 2024 WL 1299315 (M.D. Fla. Mar.
  27, 2024) ........................................................................................ 27

*Waite v. AII Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ......................................................... 5

*Walden v. Fiore*,
  571 U.S. 277 (2014) ......................................................................... 10

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
  792 F.3d 1313 (11th Cir. 2015) ........................................................ 20

*Whiteman v. AGA Serv. Co., Inc.*,
  No. 23-61826-CIV, 2024 WL 3688868 (S.D. Fla. Aug. 1, 2024) ........................ 25

*WM Aviation, LLC v. Cessna Aircraft Co.*,
  No. 11-CV-2005-ORL-18-GJK, 2012 WL 13145516 (M.D. Fla. Apr.
  13, 2012) ........................................................................................ 24

*Worldwide, LLC v. Google, Inc.*,
  No. 14-CV-646-FTM-PAM-CM, 2017 WL 2210029 (M.D. Fla. Feb.
  8, 2017) .......................................................................................... 19

*Yeyille v. Sch. Bd. of Miami-Dade Cty.*,
  No. 14-24624-CIV, 2015 WL 11233428 (S.D. Fla. June 15, 2015) .................... 19

*Zeran v. Am. Online, Inc.*,
  129 F.3d 327 (4th Cir. 1997) ............................................................ 11

**Statutes**

15 U.S.C.
  § 6501 ....................................................................................4, 29, 30, 32
  § 6502 ........................................................................................ 29, 32, 33
  § 6504 ........................................................................................ 29

47 U.S.C.
  § 230 ........................................................................................*passim*
  § 230(c)(1) ................................................................................ 11, 12, 13
  § 230(e)(2) ................................................................................ 11

Fla. Stat.
§ 48.193(1)(a)(1) ........................................................................................... 6
§ 48.193(1)(a)(6) ........................................................................................... 7
§ 501.203(3)(c) ........................................................................................... 29
§ 501.204(1) ............................................................................................... 23
§ 501.207(5) ............................................................................................... 23
§ 501.212 .................................................................................................... 20
§ 501.1735 ............................................................................................ *passim*
§ 501.1735(1)(a) ...................................................................................... 8, 32
§ 501.1735(2) ............................................................................... 33, 34, 35
§ 501.1735(4) ................................................................................... 20, 35
§ 501.1735(5) ............................................................................................. 7

Laws of Fla., Ch. 2023-262 ........................................................... 22, 35

## Regulations

16 C.F.R.
§ 312.1. ....................................................................................................... 4
§ 312.3 ...................................................................................................... 29
§ 312.4 ...................................................................................................... 31
§ 312.5(a)(1) ................................................................................. 31, 32, 34

## Federal Register

90 Fed. Reg. 16,918 (Apr. 22, 2025), accessible here:
https://www.govinfo.gov/content/pkg/FR-2025-04-22/pdf/2025-
05904.pdf .................................................................................................. 30

## Roblox Sources

Roblox Corp., *Terms of Use*, https://en.help.roblox.com/hc/en-
us/articles/115004647846-Roblox-Terms-of-Use .............................. 9

Roblox Corp., *Community Standards*,
https://en.help.roblox.com/hc/en-us/articles/203313410-Roblox-
Community-Standards ...............................................................................2, 3

Roblox Corp., *Safety & Civility at Roblox*, https://en.help.roblox.com/hc
/enus/articles/4407444339348-Safety-Civility-at-Roblox .............................. 31

Roblox Corp., 2025 Proxy Statement and 2024 Annual Report,
https://www.sec.gov/Archives/edgar/data/1315098/00015583702
5004965/rblx-20250331xars.pdf ................................................................. 8

**Federal Trade Commission Sources**

Fed. Trade Comm'n, *Children's Online Privacy Protection Rule: Not Just for Kids' Sites*, https://www.ftc.gov/business-guidance/resources/childrens-online-privacy-protection-rule-not-just-kids-sites#when ................................................................. 30

Fed. Trade Comm'n, *Complying with COPPA: Frequently Asked Questions*, https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions ................................................... 32

**Dictionary Definitions**

Merriam-Webster, https://www.merriam-webster.com/dictionary/predominantly ........................................................... 8

Defendant Roblox Corporation ("Roblox") moves to dismiss the complaint ("Complaint") by the Office of the Attorney General, State of Florida ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), 9(b), and 8(a)(2).

## I.    Introduction

Roblox takes seriously allegations that some bad actors misuse its online gaming platform where millions of users of varying ages come to play and connect. Roblox takes various measures to address these issues. It moderates content using human review and automated tools, employs teams to identify and remove improper content, and engages with law enforcement and organizations that fight child exploitation. Plaintiff's dissatisfaction with these measures does not make Roblox liable under any cause of action ("COA"). The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits *unfair* conduct or *deceptive* conduct. Liability requires an *intentional* act, not mere disagreement with a company's alleged practices. This lawsuit is not the appropriate vehicle for Plaintiff's disagreements with Roblox.

Section 230 of the Communications Decency Act, 47 U.S.C. § 230, and the First Amendment to the United States Constitution bar all COAs because they seek to impose liability based on Roblox's decisions about what third-party content to block, screen, or filter, including who may speak on the platform. The Court also lacks personal jurisdiction. Plaintiff alleges no basis for general jurisdiction over Roblox in Florida; it is a Nevada corporation with a principal place of business in California. Plaintiff's allegations that Roblox's global platform can be accessed in Florida do not establish specific jurisdiction under Florida's long-arm statute, nor does Plaintiff

establish jurisdiction under § 501.1735. Plaintiff also does not plead sufficient minimum contacts for this Court to exercise personal jurisdiction consistent with due process. As set forth in more detail below, the Complaint suffers from many other defects that require dismissal. Accordingly, the Court should dismiss the Complaint.

## II.    Relevant Background

### A.    Roblox and Content Moderation.

Roblox operates online gaming services eponymously called Roblox. The services have an average of 82.9 million daily active users ("DAUs") of varying ages. ¶34.[1] Users can play more than "40 million games," which are referred to as "experiences." ¶27. Roblox users that create these games are known as "developers." ¶49. Robux, Roblox's digital currency, can be purchased for in-game use. ¶31.

To use Roblox, users must create an account, which requires a username, password, and a birthdate. ¶24. Minors must have parental permission to create an account. ¶25. After creating an account, a user may play games. ¶27. Roblox recommends and restricts access to certain games based on user age. ¶28. Users may create and join groups on the platform. ¶96. Users may communicate and interact with one another, subject to certain age restrictions and parental controls. ¶¶20, 66, 125.

Roblox moderates user activity on the platform according to its Community Standards[2], which include policies on sexual or violent content and messages. ¶96

---

[1] Unless otherwise noted, all "¶" refer to the Complaint and all emphasis in this brief is added.
[2] *See* Roblox, *Community Standards*, https://en.help.roblox.com/hc/en-us/articles/203313410-Roblox-Community-Standards (last visited Mar. 4, 2026).

n.82. Roblox does not claim that it is possible to prevent all its millions of users from posting content or engaging in communications that may contravene these policies. Instead, Roblox has taken reasonable measures to combat such content on its platform and continues to work to develop measures to address it. Roblox employs human moderators, artificial intelligence and machine learning systems that constantly review content, and text filters to moderate content. ¶¶75-76, 78. Roblox encourages users to report content and other users that might violate the Community Standards. ¶¶71, 144.[3] Roblox has created parental controls and a Parent's Guide. ¶143, 60. In November 2024, Roblox launched features, including defaults that prevent direct messaging for under-13 users, separate dashboards where parents can monitor their child's Roblox account activity and "friend list," and a restriction preventing under-13 users from accessing Roblox games without maturity ratings. ¶¶61, 114, 127. In January 2026, Roblox began globally rolling out an age check requirement—through facial age estimation or, for users 13 or over, ID verification—to access chat. ¶130.

### B.    Plaintiff's COAs.

Despite Roblox's measures to moderate third-party content and bad actors, Plaintiff contends Roblox has violated FDUTPA and federal law. Each COA is premised on Plaintiff's mistaken belief that Roblox's measures are not enough. The COAs include allegations that Roblox has acted unfairly in designing its platform and moderating content (COA 1, "Unfair COA") and that this conduct is unconscionable

---

[3] *See also supra* Community Standards, n.2.

(COA 2, "Unconscionable COA") and deceptive (COA 3, "Deception COA"). Most of the cherry-picked statements and omissions on which the Complaint relies are time-barred. Plaintiff alleges that Roblox violated the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, *et seq.*, and its implementing regulations (the "COPPA Rule"), 16 C.F.R. § 312.1, *et seq.*, which require parental notification and consent before obtaining personal information from children (COA 4, "COPPA COA"). Plaintiff also alleges that Roblox violated § 501.1735 by processing and using children's personal information in prohibited ways (COA 5, "Processing COA").

## III.   Legal Standards

On a motion to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of alleging sufficient facts to establish a prima facie case of personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A Rule 12(b)(6) motion to dismiss challenges a complaint's sufficiency. The complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). The court considers "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## IV.   Argument

### A.   The Court Lacks Personal Jurisdiction over Roblox.

The Complaint must be dismissed because the Court lacks personal jurisdiction

4

over Roblox under any recognized theory of general or specific jurisdiction.

### 1.    Plaintiff Fails to Adequately Allege General Jurisdiction.

The Complaint does not establish general jurisdiction over Roblox, a Nevada corporation with a principal place of business in San Mateo, California. ¶8. General jurisdiction exists when a foreign corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). This typically means "a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Florida is neither for Roblox. The conclusory allegation that Roblox "engaged in continuous and systematic business contacts with Florida," ¶16, "is insufficient to make a company 'at home' in the state." *Waite v. AII Acquisition Corp.*, 901 F.3d 1307, 1318 (11th Cir. 2018).

### 2.    Plaintiff Fails to Adequately Allege Specific Jurisdiction.

Plaintiff fails to establish specific jurisdiction. "In Florida, before a court addresses … whether specific jurisdiction exists under the long-arm statute, the court must determine 'whether the allegations of the complaint state a [COA].'" *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010). As shown *infra* Parts IV.B-J, Plaintiff fails to state any claim. Thus, the COAs are "beyond the reach of Florida's long-arm statute." *Id.* at 809. Other defects require dismissal.

***Defects in Long Arm Jurisdiction* (COAs 1-4).** Plaintiff's sole theory of jurisdiction under the long-arm statute is that Roblox allegedly conducts business

activities in Florida. ¶14. Plaintiff does not establish jurisdiction on this basis. Jurisdiction may exist over a person for "any [COA] arising from … [o]perating, conducting, engaging in, or carrying on a business or business venture in this state[.]" Fla. Stat. § 48.193(1)(a)(1). "[T]he activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam). Relevant factors include "the presence and operation of an office in Florida," "the possession and maintenance of a license to do business in Florida," "the number of Florida clients served," and "the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, Ltd. P'ship v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). The Complaint "does not allege any of these factors." *Auf v. Howard Univ.*, 2020 WL 1452350, at *6 (S.D. Fla. Mar. 25, 2020) (no jurisdiction under § 48.193(1)(a)(1) when plaintiff failed to allege relevant factors). Plaintiff's allegation that Roblox's globally accessible platform is accessible in Florida, *see* ¶35, "is not enough on its own to establish that [Roblox] conduct[s] business in Florida within the meaning of section 48.193(1)(a)(1)." *Greer v. Hoying*, 2025 WL 3682644, at *3 (S.D. Fla. July 16, 2025) (no long-arm jurisdiction where users were "equally likely" to be "in every other state").

The Complaint also fails to plead "connexity" for many of the alleged activities, *i.e.*, a "causal connection between the defendant's activities in Florida and the plaintiff's [COA]." *Canale v. Rubin*, 20 So.3d 463, 466 (Fla. 2d DCA 2009). "Connexity" requires a direct or substantial connection between the COA and the

business activities. *Citicorp Ins. Brokers (Marine), Ltd. v. Charman*, 635 So.2d 79, 82 (Fla. 1st DCA 1994). The Complaint alleges activities *not* connected to any COA, including the sale of Robux gift cards and physical Roblox toys in Florida (¶16), "processing" of purchases (*id.*), collection of payments from Florida users (¶14), and "electronic transactions in Florida," *id*. None of the COAs concerns these activities; thus, they are irrelevant. *See Banco de los Trabajadores v. Moreno*, 237 So.3d 1127, 1137 (Fla. 3d DCA 2018) (business activities in Florida are "irrelevant" if not connected to COA).

Plaintiff's allegation that Roblox enters terms-of-service contracts with Florida consumers is similarly insufficient. ¶14. The long-arm statute requires a failure to perform an act whose performance the contract required in Florida. Fla. Stat. § 48.193(1)(a)(6). Plaintiff does not allege that the ToU required Roblox to perform acts in Florida, or that Roblox failed to do so. *Nat'l Air Cargo Grp., Inc. v. UPS Worldwide Forwarding, Inc.,* 2023 WL 3778243, at *6 (S.D. Fla. Mar. 2, 2023).

*No § 501.1735 Jurisdiction* **(COA 5).** Plaintiff fails to plead jurisdiction under § 501.1735, which applies to "any person who meets the definition of online platform which operates an online service, product, game, or feature likely to be predominantly accessed by children and accessible by Florida children located in this state." Fla. Stat. § 501.1735(5). The allegations parroting this text do not suffice. ¶¶220-21; *see also Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Nor does Plaintiff satisfy § 501.1735's "likely to be predominantly accessed by children" requirement. Because the statute does not define "predominantly," the Court must look to the word's

7

ordinary meaning, with the aid of dictionary definitions. *Fla. Dep't of Revenue v. New Sea Escape Cruises, Ltd.*, 894 So.2d 954, 961 (Fla. 2005). "Predominantly" means "for the most part."[4] The statute defines "children" as individuals under the age of 18. Fla. Stat. § 501.1735(1)(a). As discussed *infra* Part IV.I, COPPA—which defines "child" as an individual under the age of 13—preempts § 501.1735's broader definition. The allegations fall short under the non-preempted definition. Plaintiff cites a 2025 Roblox proxy statement which shows only that 40% of Roblox's global DAUs were under the age of 13.[5] That does not show that Roblox is likely to be predominantly accessed by children. Thus, Roblox is not subject to personal jurisdiction under § 501.1735.

### 3. Exercising Personal Jurisdiction Would Offend Due Process.

Exercising jurisdiction would also offend due process because Plaintiff does not show that Roblox has sufficient minimum contacts with Florida.[6] Plaintiff bears the burden to plead allegations showing that Roblox purposefully availed itself of the privilege of conducting activities in Florida. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiff's allegations fail under the minimum contacts test and the effects test discussed in *Calder v. Jones*, 465 U.S. 783 (1984). *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.28 (11th Cir. 2009).

---

[4] Merriam-Webster, https://www.merriam-webster.com/dictionary/predominantly. (last visited Mar. 4, 2026).

[5] *See* ¶221*,* n.192. Roblox Corp., 2025 Proxy Statement and 2024 Annual Report, at PDF page 199 https://www.sec.gov/Archives/edgar/data/1315098/000155837025004965/rblx-20250331xars.pdf (last visited Mar. 4, 2026).

[6] The Court need not reach due process because Plaintiff fails to plead any basis for jurisdiction. *See United Techs.*, 556 F.3d at 1275 n.15.

Plaintiff's allegation that Roblox is accessible in Florida is not sufficient. ¶¶14, 16. The mere accessibility in Florida of a globally available platform does not satisfy due process. *See Vital Pharms., Inc. v. Bang Diamonds LLC*, 2022 WL 3867894, at *6 (S.D. Fla. Aug. 30, 2022) ("Defendant's contact with Florida via its website is insufficient to satisfy either the 'minimum contacts test' or the 'effects test.'"); *Gazelles FL, Inc. v. Cupp*, 2018 WL 7364591, at *14 (M.D. Fla. Sept. 26, 2018) (similar); *Trs. of Columbia Univ. In City of N.Y. v. Ocean World, S.A.*, 12 So.3d 788, 795 (Fla. 4th DCA 2009) ("The mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible."). A contrary finding "would widen the jurisdictional aperture to the entire country and contradict the constitutional requirement that Plaintiff's claim arise out of [a defendant's] contacts with the forum state and qualify as purposeful rather than random or attenuated." *Greer*, 2025 WL 3682644, at *3. Premising personal jurisdiction on the accessibility of Roblox's website in Florida is particularly inappropriate because the website conditions use of the services by a U.S. resident on agreement to arbitrate or, in certain circumstances, litigate in California.[7] *See Instabook Corp. v. Instantpublisher.com*, 469 F.Supp.2d 1120, 1227 (M.D. Fla. 2006).

Roblox's other contacts do not suffice. ¶¶14, 16 (alleging Roblox maintains

---

[7] *See* Roblox Terms of Use, § 12.b, https://en.help.roblox.com/hc/en-us/articles/115004647846-Roblox-Terms-of-Use (last visited Mar. 4, 2026) ("Except for small claims court actions, any Dispute that is not subject to the Arbitration Agreement as outlined in Section 11 above (including if the Arbitration Agreement is for any reason held to be unenforceable) may only be litigated in the federal or state courts of San Mateo County, California, and User and Roblox consent to jurisdiction in those courts for such purposes…").

9

accounts of Florida users, collects data and payments from Florida users, sells Robux and Roblox gift cards to Florida consumers, and conducts electronic transactions). "Due process requires that a defendant be haled into court in a forum State based on [its] *own* affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts [the defendant] makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Plaintiff impermissibly premises personal jurisdiction over Roblox on the activity of third parties who happen to be in Florida. *See Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Nothing differentiates Roblox's conduct whether a user is in Florida or across the border in Georgia. That users created accounts in Florida does not show purposeful direction toward Florida simply because Roblox interacts with such users. *Karnas v. Cuban*, 2025 WL 3759241, at *10 (S.D. Fla. Dec. 30, 2025) (creation of accounts by Florida users "doesn't provide those 'other contacts' because 'the plaintiff cannot be the only link between the defendant and the forum.'"). A contrary finding would subject Roblox to jurisdiction in any state where its users happen to be. That does not square with *Walden*.

Plaintiff's allegations about advertising and marketing to Florida parents and children do not allege a sufficient contact with Florida, either. ¶¶14, 16. There is no allegation that Roblox specifically targeted Florida with any advertising or marketing. The Complaint alleges conduct clearly directed to a national audience, which does not

10

suffice.[8] *Karnas*, 2025 WL 3759241, at *8 (no direct aiming where there was "no evidence that the Defendants took aim at a Florida audience *specifically* 'as opposed to ... a national audience generally.'"); *Olivet Univ. v. Dev Pragad*, 2025 U.S. Dist. LEXIS 131134, at *12 (M.D. Fla. July 10, 2025) (similar). Thus, the Court should dismiss the Complaint for lack of personal jurisdiction.

### B.    Section 230 Bars All Claims.

Section 230 bars all claims, which rest on the flawed theory that Roblox should be held liable for an alleged failure to moderate third-party content. Section 230 mandates that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The law preempts inconsistent state law COAs. *Id.* § 230(e)(2). The Eleventh Circuit has explained that most "federal circuits have interpreted the CDA to establish broad 'federal immunity to any [COA] that would make service providers liable for information originating with a third-party user of the service.'" *Almeida v. Amazon*, 456 F.3d 1316, 1321 (11th Cir. 2006) (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330-31 (4th Cir. 1997)). Florida courts recognize Section 230's broad protection. *Doe v. Am. Online, Inc.*, 783 So.2d 1010, 1018 (Fla. 2001) ("[S]ection 230 expressly bars 'any actions' and we are compelled to give the language of this preemptive law its plain meaning."); *Giordano v. Romeo*, 76 So.3d

---

[8] This case differs from those where the defendant directed marketing at Florida. *E.g.*, *Del Valle v. Trivago GmbH*, 56 F.4th 1265, 1276-77 (11th Cir. 2022) (defendants allegedly ran banner ads on their websites "directed at Florida residents," sent "follow-up direct email" to Florida residents, and made efforts "to purposefully solicit business from Florida residents").

1100, 1102 (Fla. 3d DCA 2011) (Section 230 provides "complete immunity from any action brought against [websites] as a result of the postings of third party users").

Section 230's purpose "is to 'maintain the robust nature of Internet communication' and to avoid the 'obvious chilling effect' that would result from the specter of tort liability on service providers for millions of postings by third parties." *McCall v. Zotos*, 2023 WL 3946827, at *2 (11th Cir. June 12, 2023). COAs that seek to "hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish [or] withdraw … content—are barred." *Roca Labs, Inc. v. Consumer Op. Corp.*, 140 F.Supp.3d 1311, 1324 (M.D. Fla. 2015). "Artful pleading" cannot evade Section 230's protections. *Rodriguez v. OfferUp, Inc.*, 2019 WL 13247290, at *3 (M.D. Fla. Aug. 29, 2019).

Section 230 bars a claim when : "(1) the defendant is a provider of an interactive computer service, (2) the claim is based on information provided by another information content provider, and (3) the claim would treat the defendant as the publisher or speaker of that information." *L.H. v. Marriott Int'l, Inc.*, 604 F.Supp.3d 1346, 1363-64 (S.D. Fla. 2022). Each COA meets every element.

### 1.    Roblox Provides an Interactive Computer Service.

Roblox's platform is an "interactive computer service." 47 U.S.C. § 230(c)(1); ¶1 (platform is an "online gaming platform"); *see Rodriguez*, 2019 WL 13247290, at *3.

### 2.    Plaintiff's COAs Are Based on Third-Party Content.

The COAs are based on information "provided by another information content

provider." 47 U.S.C. § 230(c)(1). The Unfair, Unconscionable, and Deception COAs (COAs 1-3) concern alleged failures to filter and moderate third-party content. ¶¶79-87, 173-74, 183, 194 (alleging "openly pornographic and pedophilic content readily available," anyone can communicate with young children, and "predators" can use Robux to procure CSAM); ¶¶67-74, 173-74, 183, 194 (alleging Voice Chat and Roblox Connect allow "predators" to communicate with children). Thus, they are based on third-party content. *See M.H. v. Omegle.com, LLC*, 2022 WL 93575, at *4 (M.D. Fla. Jan. 10, 2022) (element met where "claim alleges that a [website] should have screened or filtered information provided by their users").

The portions of the Unfair, Unconscionable, and COPPA COAs (COAs 1-2, 4) that concern alleged failures to implement measures such as age verification and parental consent also target a duty to moderate third-party content. "[T]he foundation of Plaintiff's claim[s] is that through communications on the … platform" that allegedly occurred due to the purported absence of such measures, children are harmed by perpetrators. *Doe v. Grindr, LLC*, 2023 WL 7053471, at *2 (M.D. Fla. Oct. 26, 2023). The Processing COA (COA 5) is also based on third-party content. It concerns processing of personal information through features perpetrators allegedly use to track and communicate with children. ¶¶224-26 (alleged communications with children); ¶225 (discussing Player Token); *see Grindr*, 2023 WL 7053471, at *2 (claims were "based on information provided by another" where they arose from "communications on the Grindr platform" between a child and an adult male). Thus, all COAs are based on third-party content.

### 3.   Plaintiff's COAs Seek to Treat Roblox as a Publisher.

Plaintiff seeks to treat Roblox as the publisher or speaker of third-party content. Although the Eleventh Circuit has not addressed this element, the Fifth Circuit's framework is persuasive. It asks "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.'" *A.B. v. Salesforce*, 123 F.4th 788, 795 (5th Cir. 2024); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009) (similar). If the "duty would necessarily require an internet company to monitor, alter, or remove third-party content … then the claim is barred by [section 230]." *A.B.*, 123 F.4th at 794. A court must "reach a plaintiff's specific factual allegations and the implications of" them to "detect claims that seek to avoid section 230" through "artful[] pleading." *Id.* at 795. This framework confirms that each COA seeks to impose liability for "[an] alleged failure to edit, monitor, or remove [] offensive content." *Rodriguez*, 2019 WL 13247290, at *3.

*Unfair and Unconscionable COAs* **(COAs 1-2).** The Unfair and Unconscionable COAs, which challenge several supposed practices, run afoul of Section 230.

*First*, these COAs seek to hold Roblox liable for not adequately moderating certain content. Plaintiff contends that Roblox does not adequately moderate "openly pornographic and pedophilic content." ¶¶173-74; *see also* ¶76 ("filters have inexplicable omissions"); ¶77 ("ineffective safeguards" to remove games); ¶78 (alleging Roblox "employs an inadequate number of human moderators" and "users and content that should have been removed years ago remain on the platform"); ¶66 (alleging Roblox

14

"failed to create the capability for moderators or its safety team to review … inappropriate communications" in Voice Chat); ¶70 ("Roblox had no ability to moderate these communications"). "Section 230 prohibits holding companies responsible for moderating or failing to moderate content." *Est. of Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1182 (9th Cir. 2024); *Doe v. Fenix Int'l, Ltd.*, 2025 WL 336741, at *7 (S.D. Fla. Jan. 30, 2025) (similar).

*Second*, Section 230 bars Plaintiff's attempt to impose liability on Roblox for the alleged lack of certain features on the platform. Plaintiff contends that age verification and parental consent are a "fundamental protection against predators," ¶55, the absence of which allows adults to "pretend to be children" and "more easily" communicate with children on the platform. ¶2. Plaintiff also alleges that Roblox fails to "prevent" "predators" from using Robux to obtain "sexually explicit images" from minor users. ¶32; *see also* ¶¶173.e, 174.e, 183.e. The Fifth Circuit rejected similar allegations in *Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008). There, a parent sued the defendant for "fail[ing] to implement basic safety measures to prevent sexual predators from communicating with minors on its Web site." *Id*. 416. Her daughter had lied about her age when creating a MySpace account; an adult who communicated with the daughter on the site sexually assaulted her. *Id.* As the Fifth Circuit explained, allegations that a website "fail[ed] to implement measures that would have prevented" communications on its platform "are merely another way of claiming that [the defendant] was liable for publishing the communications and they speak to [the defendant's] role as a publisher of online third-party-generated content." *Id*. at 420.

15

Other courts have also held that Section 230 bars claims like Plaintiff's. In *Doe (K.B.) v. Backpage.com, LLC*, the court dismissed a negligent design claim premised on Meta's alleged failure to use age verification, which allegedly would have prevented the plaintiff's sexual trafficking. 768 F.Supp.3d 1057 (N.D. Cal. 2025). Like here, the "duty to include these challenged features … cuts to the core of [the defendant's] role as a publisher: that is, determining who can and cannot speak on its platform." *Id.* at 1065; *see also Doe v. Snap, Inc.*, 2022 WL 2528615, at *14 (S.D. Tex. July 7, 2022) (Section 230 barred claims that "alleged lack of safety features" would have allegedly prevented "wrongful communication[s] … by third parties,'" including measures "to prevent underage users from creating accounts using false birthdays.")

*Third*, Section 230 bars claims that Roblox designed the platform so that "anyone can easily communicate with young children." ¶¶173.d, 174.d, 183.d; *see also* ¶¶173.f, 183.f (challenging Voice Chat and Roblox Connect). These allegations are like those in *Doe v. Grindr*, 128 F.4th 1148 (9th Cir. 2025). There, a minor who was allegedly raped by adults who he met via the Grindr app claimed that Grindr had defectively designed the app by, *inter alia*, "allowing [him] to communicate with abusive adults," even when allegedly safer alternative designs were feasible. *Id.* at 1153. The Ninth Circuit held that Section 230 barred the claims because the "challenged features of the App are not independent of Grindr's role as a facilitator and publisher of third-party content." *Id.*; *see also M.H.*, 2022 WL 93575, at *5 (Section 230 barred claims that defendant "failed to ensure that minor children did not fall prey to child predators that may use the website.").

16

***Deception COAs.*** Section 230 also bars Plaintiff's Deception COA (COA 3) and the portions of COA 1 and 2 that concern alleged misrepresentations and omissions. As the Ninth Circuit has explained, Section 230 bars a claim that "essentially fault[s] [the defendant] for not moderating content in some way, whether through deletion, change, or suppression." *Bride*, 112 F.4th at 1180 (affirming dismissal of failure to warn claim). The Deception COAs essentially fault Roblox for failing to moderate third-party content and communications. ¶¶173.g, 183.g, 194-95; *see Grindr*, 128 F.4th at 1151 (Section 230 barred misrepresentation claims about app safety and failure to warn claim about child sexual abuse); *Rodriguez*, 2019 WL 13247290, at *3 (similar); *Doe v. Kik Interactive, Inc.*, 482 F.Supp.3d 1242, 1244, 1252 (S.D. Fla. 2020) (refusing to allow negligence and strict liability claims for "failure to warn about the dangers of being sexually exploited" from use of messaging feature because Section 230 barred claims "inextricably linked to the harmful content solicited and posted by Kik's users").

***COPPA COA* (COA 4)**. Plaintiff contends that Roblox violates COPPA because users under the age of 13 can sign up for older accounts due to lack of age verification. ¶¶208, 211. Plaintiff also claims Roblox violates COPPA by not implementing certain features or providing notice that Plaintiff contends would allegedly have prevented third-party communications. As discussed above, Section 230 bars Plaintiff's attempt to impose liability on Roblox for the alleged lack of these measures on the platform. *See MySpace*, 528 F.3d at 420; *Backpage.com*, 768 F.Supp.3d at 1065.

***Processing COA* (COA 5).** COA 5 concerns the alleged processing of children's

17

personal information in connection with certain platform features. ¶30 ("predators can match a child" to their Player Token and "stalk them across the platform"); ¶224, 226 (processing in "voice chat technology" and "in-game chat technology" purportedly "allows predators to engage Children in conversations"). Section 230 bars liability because the challenged features "are not independent of [Roblox's] role as a facilitator and publisher of third-party content." *Grindr*, 128 F.4th at 1153.

### C.   The First Amendment Bars Plaintiff's COAs.

All of the COAs are barred by the First Amendment. *First*, Plaintiffs' COAs seek to impose liability on Roblox for its exercise of editorial control and judgment. As the Supreme Court has explained, "[t]he choice of material[,] the 'decisions made [as to] content,' the 'treatment of public issues'—'whether fair or unfair'—all these 'constitute the exercise of editorial control and judgment.'" *Moody v. NetChoice, LLC*, 603 U.S. 707, 738 (2024) (alterations in original). "When the government interferes with such editorial choices … it alters the content" and "confronts the First Amendment." *Id.* at 731-32; *In re Soc. Media Adolescent Addict.*, 702 F.Supp.3d 809, 837 (N.D. Cal. 2023) (First Amendment protects publication decisions). This is true for court orders as well. *See O'Handley v. Padilla*, 579 F.Supp.3d 1163, 1188 (N.D Cal. 2022) ("[I]mportant First Amendment rights [] would be jeopardized by a [c]ourt order telling [them] what content-moderation policies to adopt and how to enforce" them).

Plaintiff's COAs seek to impose liability on Roblox based on its exercise of editorial control and judgment over its platform. *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974). Each COA challenges Roblox's alleged failure to moderate

18

certain content. *E.g.*, ¶¶173, 174, 183, 185, 194-95, 211, 224-226. Plaintiff seeks injunctive relief that would necessarily require Roblox to moderate content in the manner Plaintiff deems appropriate. As such, the "First Amendment bars [Plaintiff's] claims." *e-ventures Worldwide, LLC v. Google, Inc.*, 2017 WL 2210029, at *4 (M.D. Fla. Feb. 8, 2017) (First Amendment barred claims challenging Google's "actions in formulating rankings for its search engine" and determining whether to remove websites under its guidelines).

*Second*, the First Amendment bars Plaintiff's attempt to hold Roblox liable for third-party speech it distributes without proof that Roblox at least had "knowledge ... of the contents" of that speech. *Smith v. People of the State of Cal.*, 361 U.S. 147, 149 (1959) (bookseller could not be liable for distributing obscene books without knowledge the books were obscene); *see also United States v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 858 F.2d 534, 539 (9th Cir. 1988). Under *Smith*, Plaintiff cannot impose liability on Roblox for inappropriate content posted on the platform, perpetrators' messages or solicitation of inappropriate content because Plaintiff does not allege facts plausibly showing that Roblox had knowledge of those unlawful contents. ¶¶80-87, 91.

### D.    The Complaint is an Impermissible Shotgun Pleading.

The Complaint should be dismissed as an improper shotgun pleading. "Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as 'fatally defective.'" *Yeyille v. Sch. Bd. of Miami-Dade Cty.*, 2015 WL 11233428, at *3 (S.D. Fla. June 15, 2015); *see also Vibe*

*Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Shotgun pleadings are flatly forbidden" as "they are calculated to confuse the [enemy,] and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). The Complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular [COA]." *Id.* at 1325. It has 59 pages of 167 allegations, many conclusory and immaterial. ¶¶1-167. COAs 1–3 and 5 incorporate *all* these allegations. ¶¶168, 178, 189, 216. Thus, "'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,'" *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996), and Roblox lacks "adequate notice of the claims … and the grounds upon which each claim rests," *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The Court should dismiss and not waste time with "the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to" each COA. *Rogers v. FRG LLC*, 2024 WL 3469657, at *1 (M.D. Fla. June 20, 2024).

### E.   Plaintiff's COAs Stem From Personal Injuries (COAs 1-4).

The Unfair, Unconscionable, Deceptive, and COPPA COAs (COAs 1-4) must be dismissed as FDUTPA does not apply to "[a] claim for personal injury[.]" Fla. Stat. § 501.212(3).[9] This is "not the type of injury that FDUTPA was designed to prevent." *Roberts v. Victoria's Secret Stores, LLC*, 2018 WL 8059094, at *4 (S.D. Fla. Dec. 3, 2018),

---

[9] Actions against an online platform for a § 501.1735 violation are exempt. Fla. Stat. § 501.1735(4)(a) (§ 501.212 does not apply "[f]or the purpose of bringing an action pursuant to this section").

*report and recommendation adopted*, 2018 WL 8058969 (S.D. Fla. Dec. 20, 2018).

The Unfair, Unconscionable, and COPPA COAs stem from alleged personal injuries. The Unfair and Unconscionable COAs concern (1) lack of age verification, ¶¶173.a, 174.a, 183.a; (2) the alleged failure to obtain "parental consent," ¶¶173.b, 174.b, 183.b; (3) having a "platform where openly pornographic and pedophilic content is readily available to young children," ¶¶173.c, 174.c, 183.c; (4) allegedly allowing "anyone [to] easily communicate with young children," ¶¶173.d, 174.d, 183.d; (5) selling a digital currency that "predators use to procure [CSAM]," ¶173.e, 174.e, 184.e; and (6) allegedly "endangering children by introducing features like Voice Chat and Roblox Connect," ¶¶173.f, 183.f. The COPPA COA concerns lack of age verification, failure to provide certain notice, and parental consent. ¶¶22-25.

The Complaint shows that the Unfair, Unconscionable, and COPPA COAs stem from alleged personal injuries. *E.g.*, ¶¶32, 97 (alleged exploitation by "predators" from use of Robux); ¶60 n.44 (alleging purported design issues and pointing to wrongful death lawsuit involving California child); ¶69 (alleged "real-world harm" from Voice Chat feature); ¶¶93-94, 98-105 (alleged "grooming" and other injuries from "predators" who allegedly communicated with children on the platform); ¶¶88-90 (alleging "devastating effects on children" from "sexualized or exploitative content," among other alleged injuries); ¶¶2, 58, 61, 94 (harms to children from alleged lack of age verification at account creation); ¶2 (harms from alleged failure to obtain parental consent); ¶185 (allegedly unconscionable acts fail to "protect child users from adult predators"). The COPPA COA similarly concerns alleged physical injuries. *See* ¶30

(alleged "stalk[ing]"), ¶39 (allegedly "exploit[ing] the[] vulnerability" of children), ¶¶54-56 (harms from alleged failures to "impose" barriers to "a predator" and to adopt a "fundamental protection against predators"). These allegations are forms of statutorily defined personal injuries, as the Florida Legislature has recognized. Fla. Stat. § 501.1735(1)(l).[10] Because these COAs stem from personal injuries, they must be dismissed. *See Garrett-Alfred v. Facebook, Inc.*, 540 F.Supp.3d 1129, 1141-42 (M.D. Fla. 2021) (dismissing FDUTPA claims where plaintiff alleged that defendants' actions "caused" injury, "including PTSD and other psychological disorders").

The Deception COA also falls outside FDUTPA's scope. It, too, stems from personal injury. *E.g.*, ¶196 ("Florida children have fallen victim to predators as a result" of misstatements and omissions); *Douse v. Bos. Sci. Corp.*, 314 F.Supp.3d 1251, 1264 (M.D. Fla. 2018) (rejecting FDUTPA claim defendant "acted deceptively by concealing the risks associated with … long-term implantation" as "it is clear that any injury [plaintiff] suffered stems from the personal injuries at the heart of this case").

### F.    Plaintiff's FDUTPA COAs Are Time-Barred (COAs 1-4).

The Unfair, Unconscionable, Deception, and COPPA COAs (COAs 1-4) are time-barred in part under the four-year statute of limitations ("SOL").[11] Fla. Stat.

---

[10] The statue defines "substantial harm or privacy risk to children" to mean "the processing of personal information in a manner that may result in any reasonably foreseeable substantial ***physical injury***, economic injury, or offensive intrusion into the privacy expectations of a reasonable child under the circumstances, including: 1. Mental health disorders or associated behaviors … (3) physical violence, online bullying and harassment; (4) sexual exploitation, including enticement, sex trafficking, and sexual abuse and trafficking of online sexual abuse material…"  Fla. Stat. § 501.1735(1)(l).

[11] COA 5 concerns alleged violations of a statute that did not become effective until July 1, 2024. Ch. 2023-262, § 27, Laws of Fla. It is unclear whether Plaintiff seeks to apply the law retroactively.

22

§ 501.207(5) (SOL for actions by Attorney General). Conduct that occurs outside of the SOL "would not be actionable under FDUTPA." *State v. Beach Blvd Auto. Fin., Inc.*, 139 So.3d 380, 387 (Fla. 1st DCA 2014). Here, conduct before December 11, 2021 is time-barred. *See Cole v. Westgate Resorts, Ltd.*, 2025 WL 2443625, at *6 (M.D. Fla. Aug. 24, 2025) (claim "based on conduct that occurred during [a] sales presentation in 2018" was time-barred). The COAs rely on time-barred conduct. ¶¶66, 68, 75 n.54, 80-81, 132-34, 140-44. The Deception COA expressly challenges time-barred statements. ¶¶133, 194.b, 194.d (statements from 2008-2016 that Roblox takes "'every precaution possible' to protect children" and "has a zero-tolerance policy"); ¶194.c (statement made in 2017); ¶ 194.d (2017); ¶ 194.f (October 2021); ¶194.g (2018); *see Brexendorf v. Bank of Am., N.A.*, 319 F.Supp.3d 1257, 1264 (M.D. Fla. 2018) (claim barred as to untimely representations and omissions). The Court should dismiss all time-barred claims and ignore time-barred allegations.

## G.   Plaintiff Fails to State Any § 501.204 FDUTPA Claims (COAs 1-3).

COAs 1-3 must be dismissed because Plaintiff fails to plead any unfair, unconscionable, or deceptive acts or practices by Roblox. Fla. Stat. § 501.204(1).

### 1.   Plaintiff Fails to Plead Unfair Conduct (COA 1).

COA 1 must be dismissed because Plaintiff fails to allege an unfair practice, *i.e.* "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003). Plaintiff's threadbare allegation

23

reciting this requirement, ¶174, does not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (Rule 8 requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"). The COA suffers from other defects, too.

*First*, FDUTPA does not provide a blanket COA for any commercial conduct a plaintiff dislikes; it "only reaches conduct that is unfair … as judged by controlling case law." *PNR*, 842 So.2d at 773 n.2. Plaintiff alleges no controlling precedent for its novel claims, which, among other things, concern an online platform's alleged failure to use age verification or obtain verified parental consent for minors and its use of certain communication features. Absent such authority, the Court should dismiss. *See WM Aviation, LLC v. Cessna Aircraft Co.*, 2012 WL 13145516, at *6 (M.D. Fla. Apr. 13, 2012) (dismissing FDUTPA claim where "conduct has not been held to be unfair or deceptive by controlling Florida case law").

*Second*, Plaintiff fails to allege facts showing that Roblox's supposed "act or practice was harmful to a consumer." *Coast Pump & Supply Co. v. Franklin Elec. Co.*, 2025 WL 1394260, at *2 (M.D. Fla. May 13, 2025). Plaintiff alleges a few incidents involving bad actors who used the platform, ¶¶101-05, and concludes that *Roblox's* supposed practices caused "substantial injury" to Florida consumers. ¶176. The sheer possibility that a practice may have been harmful is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"). Plaintiff pleads no facts that plausibly show a connection between the alleged harms and any, let alone each, alleged practice.

24

Plaintiff's say-so does not suffice. *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

*Finally*, Plaintiff challenges supposed practices for which there are "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct" plaintiff claims. *Am. Dental*, 605 F.3d at 1290. Plaintiff challenges the alleged lack of age verification, *i.e.*, that a user may create a Roblox account with a self-reported birth date. ¶¶22-24, 26, 173.a, 174.a. Use of a self-reported birth date to create an online account is a common practice. *See Iqbal*, 556 U.S. at 679 (court must "draw on its judicial and common sense" to evaluate plausibility). Plaintiff cannot transform such conduct into a viable claim. *See Whiteman v. AGA Serv. Co., Inc.*, 2024 WL 3688868, at *5-6 (S.D. Fla. Aug. 1, 2024) (dismissing FDUTPA claim where alleged marketing relationship between defendant and non-party was "commonplace and unremarkable"). Thus, Plaintiff does not plausibly allege any unfair conduct.

### 2. Plaintiff Fails to Plead Unconscionable Conduct (COA 2).

Plaintiff fails to show that Roblox engaged in any unconscionable act or practice. Plaintiff premises COA 2 on a doctrine that may "prevent the enforcement of contractual provisions" in certain circumstances. *Basulto v. Hialeah Auto.*, 141 So.3d 1145, 1157 (Fla. 2014); ¶180. Substantive unconscionability exists when a contract's terms are unreasonable and unfair. *Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989). "Procedural unconscionability exists when the individualized

circumstances surrounding the transaction reveal that there was no real and voluntary meeting of the minds of the contracting parties." *Id*. Plaintiff pleads neither. ¶¶183-85. Plaintiff does not identify any ToU provision. This is insufficient to state a claim, and makes it impossible to ascertain which provision, if any, Plaintiff contends is unconscionable. ¶183. Plaintiff's bare allegation that Florida consumers have no "reasonable opportunity to understand" the ToU or "realistic opportunity to bargain," ¶184, is also insufficient. *See Alfaro v. Bank of Am., N.A.*, 2024 WL 1110945, at *6 (11th Cir. Mar. 14, 2024) ("conclusory allegations that a 'great disparity' of bargaining power existed" insufficient); *Shelor v. Jaguar Land Rover N. Am. LLC*, 2025 WL 1580834, at *17 (M.D. Fla. Jan. 31, 2025) (similar).

### 3.    Plaintiff Fails to Plead Deceptive Conduct (COAs 1-3).

Stripped of time-barred conduct, *see supr*a Part IV.F, Plaintiff's deception claims fail to meet Rule 9(b)'s pleading standard and do not plead actionable conduct.

***Rule 9(b).*** Rule 9(b) applies to FDUTPA claims sounding in fraud. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1292 (11th Cir. 2025). Rule 9(b) requires a plaintiff to allege the "who, what, when, where, and how" of the alleged fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). Plaintiff's misrepresentation allegations fail to do so. ¶194.a (Roblox "[f]alsely assur[es] the public that its app is safe for children"); ¶¶173.g, 183.g (Roblox "falsely represent[s] to [child users] and their parents that the platform is safe"); ¶194.e (Roblox "deceptively represent[s] that

26

safety is Roblox's top priority").[12] They are "devoid of specifics" about "the time" and "place … of the alleged fraud." *Chapman v. Abbott Labys*, 930 F.Supp.2d 1321, 1324 (M.D. Fla. 2013). Plaintiff's theory that Roblox "withhold[s] the material dangers that its platform presents to children" is similarly deficient. ¶195. Plaintiff does not plead the time and place of the "omission" or why it was misleading. *See Volinsky v. Lenovo (United States) Inc.*, 2024 WL 1299315, at *5 n.1 (M.D. Fla. Mar. 27, 2024) (omission claims failed Rule 9(b)); *In re Brinker Data Incident Litig.*, 2020 WL 691848, at *23 (M.D. Fla. Jan. 27, 2020) (same).

*Failure to Allege Deception*. Plaintiff also does not plead a deceptive practice. "A deceptive practice is one that is likely to mislead consumers." *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). There is "an objective test" to "determin[e] whether the practice was likely to deceive a consumer acting reasonably." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983-84 (11th Cir. 2016). The Complaint fails this test.

*First*, Plaintiff challenges non-actionable statements. To be actionable, a statement must be "factual" and "verifiably refutable." *United States v. Martinelli*, 454 F.3d 1300, 1317 (11th Cir. 2006); *accord Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (a statement must be "specific and measurable"). Plaintiff contends that Roblox "[f]alsely assur[es] the public that its app is safe for children," ¶194.a, "falsely represent[s] to [child users] and their parents that the platform is safe,"

---

[12]The Complaint alleges no such statement by Roblox. Instead, the Complaint alleges statements that "we've always made it a key priority to ensure our community members can connect, create, and come together in a space that is welcoming, safe, inclusive and respectful." ¶137, and that a "number one priority" is "to create a safe, civil, and inclusive community," ¶145; *see also* ¶146.

¶173.g, 183.g, and "deceptively represent[s] that safety is Roblox's top priority," ¶194.e. These are not factual and verifiably refutable statements. *See Carlson Pet Prods., Inc. v. Ningbosh.*, 2025 WL 3541725, at *3 (S.D. Fla. Nov. 5, 2025) (stating product was "safe for kids," "safety environment," and "safer place" not actionable); *TocMail Inc. v. Microsoft Corp.*, 2020 WL 9210739, at *4 (S.D. Fla. Nov. 6, 2020) (statements that software was "safe" and "protect[s] users" not actionable); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (stating that consumers "would be safely and adequately served" insufficient because it "is devoid of any meaningful specificity"); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *8 (N.D. Cal. Apr. 13, 2017) ("[T]here is nothing 'specific and measurable' about the word 'safely.'").

*Second*, the Complaint does not support the remaining misrepresentation claims. Plaintiff contends that Roblox deceptively states that bad actors are "dealt with swiftly." ¶194.h. This is a non-actionable opinion. *See Baker v. Brunswick Corp.*, 2018 WL 1947433, at *7 (M.D. Fla. Apr. 25, 2018) (no claim where "the statement is simply an opinion that the 35–foot Outrage provides the 'ultimate confidence'"); *MDVIP, Inc. v. Beber*, 222 So.3d 555, 561 (Fla. 4th DCA 2017) ("A promise to deliver an 'exceptional' product or service is a matter of opinion…"). Moreover, Plaintiff does not plead any facts showing that Roblox falsely represented that it "remove[s] any content that's reported to us within minutes." ¶194.h. Plaintiff merely points to the alleged statement itself and declares that it is false. That is not enough to state a claim.

*Third*, the Complaint does not support the threadbare allegation that Roblox

28

"withhold[s] material dangers that its platform presents to children." ¶195. Plaintiff does not allege facts showing that Roblox withheld information, or that a reasonable consumer would likely be misled. To the contrary, the Complaint alleges examples of Roblox employees addressing concerns about "child abuse" head-on. E.*g.*, ¶150. Plaintiff also contends that purported "sexual content" is "fully accessible" and "fully available" on the platform. ¶¶3, 77, 91. These allegations belie the omission claim.

### H.    Plaintiff Fails to Plead Any COPPA Violation (COA 4).

Plaintiff fails to plead a COPPA violation.[13] COPPA is a federal law that governs how website operators may collect personal information from children. 15 U.S.C. § 6501, *et seq*. It is unlawful for the operator of a website "directed to children" or that has "actual knowledge" it collects personal information from a child to collect such information unless the operator complies with the COPPA Rule. 15 U.S.C. § 6502(a)(1). Generally, the Rule requires an operator to "[o]btain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children," 16 C.F.R. § 312.3(b), and provide notice to a parent about its data collection and use practices, *id.* §312.3(a). Plaintiff's threadbare allegations state no claim.

*First*, Plaintiff's theory that Roblox collects "personal data" from "children under the age of 13" who create Roblox accounts using false birthdates that make them

---

[13] FDUTPA provides that a violation of "[a]ny law, statute, rule, regulation … which proscribes … unfair, deceptive, or unconscionable acts or practices" is a per se FDUTPA violation. Fla. Stat. § 501.203(3)(c). Under COPPA, a violation of the COPPA Rule "shall be treated as a violation of a rule defining an unfair or deceptive act or practice…" 15 U.S.C. § 6502(c). That treatment language, however, does **not** appear in 15 U.S.C. § 6504, which sets forth the exclusive mechanism for a state Attorney General to challenge COPPA violations.

appear older does not state a COPPA violation. ¶¶208, 211. COPPA requires an operator to have "actual knowledge" it is collecting personal information from a child, *i.e.*, "an individual under the age of 13." 15 U.S.C. § 6501(1). Although neither COPPA nor the Rule defines "actual knowledge," this phrase has an ordinary meaning: "to have 'actual knowledge' of a piece of information, one must in fact be aware of it." *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 185 (2020) (interpreting the undefined phrase "actual knowledge" in ERISA by reviewing dictionary definitions); *see also N.M. ex rel. Balderas v. Tiny Lab Prods.*, 457 F.Supp.3d 1103, 1112 (D.N.M. 2020) ("[T]he COPPA Rule reserves liability only for those … with a direct and clear awareness, as opposed to an awareness attributed to them based on what they reasonably should have known."). The FTC has explained that "a constructive knowledge standard … is inconsistent with the COPPA statute." 90 Fed. Reg. 16,918, 16,937 (Apr. 22, 2025). Thus, without more, Roblox's actual knowledge is that a user is 13 or over when they enter a birth date showing that.[14] Plaintiff's "constructive knowledge" theory—that Roblox should know that some unspecified user is or might be under 13—does not survive the actual knowledge requirement.

*Second*, Plaintiff does not plausibly allege that Roblox has failed to provide the requisite notice. The Rule requires "reasonable efforts … to ensure that a parent of a

---

[14] *See* Fed. Trade Comm'n, *Children's Online Privacy Protection Rule: Not Just for Kids' Sites*, https://www.ftc.gov/business-guidance/resources/childrens-online-privacy-protection-rule-not-just-kids-sites#when (last visited Mar. 3, 2026) ("[T]he FTC has said that an operator has actual knowledge of a user's age if the site or service asks for – *and receives* – information from the user that allows it to determine the person's age.").

30

child receives direct notice of the operator's practices with regard to the collection, use, or disclosure of personal information from children." 16 C.F.R. § 312.4(b); *id.* § 312.4(c) (contents of notice). The Rule also requires a website to post a notice about such practices. *Id.* § 312.4(d). Plaintiff's one-sentence conclusions that Roblox "fails to provide notice" to parents, ¶210, and "fail[s] to provide sufficient notice," ¶212, are not sufficient. *N.M. ex rel. Balderas v. Google, L.L.C.*, 489 F.Supp.3d 1254, 1263 (D.N.M. 2020) (dismissing COPPA claims because "one phrase is conclusory and fails to satisfy the *Iqbal/Twombly* requirement to allege sufficient factual matter"). Moreover, material incorporated into the Complaint shows that Roblox limits data collection for users under 13 to what is necessary and acceptable under Roblox's privacy policy, which Roblox regularly reviews to comply with COPPA.[15] This contradicts Plaintiff's threadbare allegations that Roblox purportedly violated COPPA.

*Third*, Plaintiff fails to show that Roblox does not obtain verifiable parental consent. Subject to certain exceptions, the Rule requires an operator "to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children." 16 C.F.R. § 312.5(a)(1). The Rule does not require the form of consent Plaintiff demands. The Rule identifies several "existing methods to obtain" such consent." *Id.* § 312.5(b)(2). Plaintiff tries to state a claim by alleging that Roblox does not implement some methods under the Rule, but does not allege that Roblox implements *no* method. ¶¶56-57 & n.40. The Rule identifies only "non-

---

[15] ¶ 137 n.137 (citing Roblox *Safety & Civility at Roblox*, Roblox, https://en.help.roblox.com/hc/enus/articles/4407444339348-Safety-Civility-at-Roblox (last visited Mar. 4, 2026).

31

exhaustive" methods, as the FTC itself has noted.[16] The Complaint conspicuously omits that the Rule allows an operator to use a parental consent method allowed by "[a] safe harbor program approved by the [FTC]." 16 C.F.R. § 312.5(b)(3). The Complaint does not allege whether Roblox is part of a COPPA safe harbor program, but material incorporated into the Complaint shows that Roblox is "COPPA certified by kidSAFE." ¶137 n.137 (incorporated webpage). Thus, the COPPA claim fails.

### I.        COPPA Expressly Preempts COA 5.

COPPA expressly preempts COA 5. Express preemption "arises when the text of a federal statute explicitly manifests Congress's intent to displace state law." *United States v. Alabama*, 691 F.3d 1269, 1281 (11th Cir. 2012). COPPA preempts "liability for commercial activities or actions by operators in interstate … commerce in connection with an activity or action described in this chapter that is inconsistent with the treatment of those activities or actions under this section." 15 U.S.C. § 6502(d). Both COPPA and § 501.1735 regulate the collection, use, and disclosure of children's personal information by website operators. COA 5 is inconsistent with COPPA.

*First*, § 501.1735's definition of "child"—a threshold element—is inconsistent with COPPA. In regulating how online operators may collect and use children's personal information, Congress limited the definition of "child" to "an individual under the age of 13." 15 U.S.C. § 6501(1). By contrast, § 501.1735 defines "child" as "a consumer or consumers who are under 18 years of age." Fla. Stat. § 501.1735(1)(a).

---

[16]    Fed. Trade Comm'n, *Complying with COPPA: Frequently Asked Questions*, https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions.

Plaintiff relies on this broader definition. ¶221 ("The majority of [Roblox's] player base consists of users under the age of 18."). Imposing liability under this broader definition is clearly inconsistent with Congress's decision to define "child" more narrowly under COPPA. *See NetChoice v. Brown*, 2025 WL 3267786, at *22 (D. Md. Nov. 24, 2025) (finding plausible COPPA preempted state law applicable "to children between the ages of 13 and 17" as "inconsistent with Congress's decision in COPPA to regulate collection of data only from children under 13").

*Second*, § 501.1735(2)(a)'s mens rea requirement is inconsistent with COPPA. COPPA applies when a website is "directed to children" or the website operator "has actual knowledge that it is collecting personal information from a child." 15 U.S.C. § 6502(a)(1). By contrast, § 501.1735(2)(a) subjects an online platform to liability if it "has actual knowledge of or *willfully disregards* that the processing may result in substantial harm or privacy risk to children." Fla. Stat. § 501.1735(2)(a). The provision imposes an entirely different mens rea; it does not even require actual knowledge that a given user is a child. Plaintiff relies on this different mens rea requirement. ¶224 (alleging Roblox "disregard[s] the consequences" of its processing). COPPA preempts this mens rea requirement. *See NetChoice*, 2025 WL 3267786, at *21 ("differing mens rea requirements in the Kids Code and COPPA" plausibly showed preemption).

*Third*, § 501.1735(2)—which underlies the alleged violations in COA 5, ¶227—is also inconsistent with COPPA's parental consent provisions. COPPA and the COPPA Rule allow an operator to collect, use, or disclose a child's personal information if it obtains verifiable personal consent before doing so, subject to certain

exceptions. *See* 16 C.F.R. § 312.5(a)(1). By contrast, § 501.1735(2) subjects an online platform to liability for the alleged collection or use of a child's personal information even when COPPA would allow such conduct with parental consent. *See* Fla. Stat. § 501.1735(2). That is plainly inconsistent with COPPA and thus preempted.

### J.    Plaintiff's § 501.1735 COA Suffers From Other Defects (COA 5).

Even if any portion of COA 5 survives preemption, the COA remains defective.

*First*, Plaintiff fails to show that Roblox had actual knowledge of or willfully disregarded that processing of a child's personal information "may result in substantial harm or privacy risk to children." Fla. Sta. § 501.1735(2)(a). Plaintiff contends that Roblox processes Florida children's personal information through "voice chat technology," "'Player Tokens,'" and "ingame chat technology." ¶¶224-26. The Complaint lacks factual allegations that show processing of personal information within the statute's scope.[17] Plaintiff does not allege what "biometric information" Roblox processes in voice chat technology. ¶¶66-69, 224. Plaintiff does not allege how "Player Tokens" are "personal information." ¶¶30, 225. Nor does Plaintiff allege what "personal information" is processed by the "ingame chat technology." ¶226. Plaintiff's "formulaic recitation" of the statute's "personal information" text is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's allegations of harm are also deficient; they merely recite the statutory definition of "substantial harm or

---

[17] Fla. Stat. § 501.1735(1)(f) ("personal information" is "information that is linked or reasonably linkable to an identified or identifiable child, including biometric information and unique identifiers to the child").

privacy risk." ¶¶224-26; Fla. Stat. § 501.1735(1)(l)(4); *Twombly*, 550 U.S. at 555. Similarly conclusory is Plaintiff's allegation that Roblox processed and used personal information "for purposes both unrelated and unnecessary to providing access to its online platform" in violation of four distinct provisions, *i.e.*, § 501.1735(2)(a)-(d). ¶227. Plaintiff pleads *no* facts that support this bare allegation.

*Second*, the Complaint does not comply with the requirement that "[a]ny action brought by the department may be brought only on behalf of a Florida child." Fla. Stat. § 501.1735(4)(c). Plaintiff does not expressly allege the COA on behalf of any particular Florida child. ¶¶216-31. Instead, the COA sweeps in individuals who are *not* Florida children. ¶216 (incorporating all allegations, including references to parents and children outside of Florida), ¶229 (referring generally to "Florida consumers"). While Plaintiff alleges a few incidents involving perpetrators in Florida, only three appear to have occurred after § 501.1735's effective date of July 1, 2024. ¶¶103-05 & nn.85-89; *see also* Ch. 2023-262, § 27, Laws of Fla. (making § 501.1735 effective on July 1, 2024). Plaintiff does not purport to bring a § 501.1735 claim in connection with these incidents, nor does Plaintiff allege facts showing that any of them, let alone each, involved the alleged processing at issue. Thus, Plaintiff fails to plead that Roblox violated § 501.1735.

## V.    Conclusion

The Court should dismiss the Complaint without prejudice for lack of personal jurisdiction. Alternatively, the Court should dismiss the Complaint with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Roblox certifies that they attempted to confer with Plaintiffs' counsel on and scheduled a conference call with Plaintiff's counsel on March 2, 2026 in a good faith effort to resolve the issues raised in this Motion. Plaintiff opposes the relief requested in this Motion.

Dated: March 4, 2026

Respectfully submitted,

/s/ Jonathan Patchen

**GEORGE LEMIEUX**
Florida Bar No.: 16403
glemieux@gunster.com
**MEGAN MOON**
Florida Bar No.: 106426
mmoon@gunster.com
**DEREK MOUNTFORD**
dmountford@gunster.com
Florida Bar No.: 127172
**GUNSTER**
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (866) 915-7185

**JONATHAN PATCHEN***
jpatchen@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
**TIANA DEMAS***
tdemas@cooley.com
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606-1511
**ELIZABETH WRIGHT***
ewright@cooley.com
500 Boylston Street, 14th Floor
Boston, MA  02116-3736
**ROBBY L.R. SALDAÑA***
rsaldana@cooley.com
**COOLEY LLP**
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400

*Attorneys for Defendant Roblox Corp.*
*Admitted Pro Hac Vice

36

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court for the

Middle District of Florida on this 4th day of March, 2026 by uploading it to the

CM/ECF system, and served the following counsel of record via email:

Jayden Mougin
Victoria Ann Butler
Sasha Funk Granai
**JAMES UTHMEIER ATTORNEY GENERAL**
**STATE OF FLORIDA**
Office of the Attorney General
Consumer Protection Division
3507 E. Frontage Road, Suite 325
Tampa, FL 33607
Jayden.Mougin@myfloridalegal.com
Victoria.Butler@myfloridalegal.com
Sasha.FunkGranai@myfloridalegal.com

Joseph Masterman
Reed C. Dempsey
Whittington C. Wiman
**COOPER MASTERMAN, PLLC**
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
joe@coopermasterman.com
reed@coopermasterman.com
whit@coopermasterman.com

*Attorneys for the Plaintiff*

/s/ *Jonathan Patchen*
**JONATHAN PATCHEN**

37